UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT CARL GARDNER,

        Plaintiff,

v.

M. TAYLOR,

        Defendant.
_____/

Case No. 1:25-cv-575

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

      Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that he is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way he is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent

2

from the defendants[; h]however, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Defendant Corrections Officer M. Taylor in his official capacity. (ECF No. 1, PageID.2.)

In his complaint, Plaintiff alleges that on March 17, 2023, at approximately 8:30 p.m., Defendant Taylor and another Corrections Officer pulled Plaintiff out of his cell because they

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

thought that he was smoking. (*Id.*, PageID.3.) Plaintiff told Defendant Taylor that he did not smoke, but he was nonetheless taken to the shower wing to be strip searched. (*Id.*) Plaintiff states that Defendant Taylor refused to put his body camera on "sleep" mode during the search despite Plaintiff's request. (*Id.*) Plaintiff states that Defendant Taylor made sexual remarks during the search. (*Id.*) Plaintiff alleges that on the way back to his cell after the strip search, Defendant Taylor put his finger over his mouth and bent over saying that was how Plaintiff had been in the shower. (*Id.*)

Plaintiff asserts that Defendant's refusal to put his camera on "sleep" mode violated MDOC policy and humiliated and degraded Plaintiff. Plaintiff seeks damages. (*Id.*, PageID.3–4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to

relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Official capacity claims for damages

As an initial matter, Plaintiff brings claims against Defendant Taylor in his official capacity and is only seeking damages as relief. Ordinarily, a suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity, in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). However, "the MDOC, however, is not a 'person' within the meaning of § 1983." *Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing Will v. Mich. Dep't of Corr., 491 U.S. 58, 71 (1989)). Accordingly, Plaintiff has failed to state a claim against Defendant Taylor in his official capacity on which relief may be granted.[2]

---

[2] Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*,

### B. Eighth Amendment claim

Plaintiff claims that Defendant subjected him to a strip search while using his body cam and then bent over and mimicked Plaintiff's position in a sexual manner while he returned Plaintiff to his cell, which degraded and humiliated Plaintiff in violation of the Eighth Amendment claim.

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981); *see also Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)).

Plaintiff alleges that Defendant's conduct during the strip search caused him to feel humiliated and degraded. The Court notes that the United States Court of Appeals for the Sixth Circuit has held that an Eighth Amendment claim regarding a strip-search is not cognizable when the plaintiff has not alleged any physical injury from the strip-search. *See Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010); *Harden–Bey v. Rutter,* 524 F.3d 789, 795 (6th Cir. 2008)).

---

803 F.2d 874, 877 (6th Cir. 1986). Therefore, any claims by Plaintiff against Defendant Taylor in his official capacity for money damages would also be barred by sovereign immunity.

Here, Plaintiff does not allege that he sustained any physical injury as a result of Defendant's conduct.

Moreover, to the extent that Plaintiff is asserting that Defendant sexually harassed him, the facts he alleges do not rise to the level of an Eighth Amendment violation. "Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment. . . . This is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) This is true "even in the absence of physical touching by a guard." *Id.* at 1097. Although "'isolated, brief, and not severe' instances of sexual harassment do not give rise to Eighth Amendment violations," instances of repeated or forced sexual demands can meet this threshold. *See id.* at 1095-96 (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005), *abrogated on other grounds by Maben v. Thelen,* 887 F.3d 252 (6th Cir. 2018)).

Plaintiff does not allege that Defendant physically contacted Plaintiff in an improper manner during the search. Plaintiff claims only that Defendant's camera recorded the search and that Defendant made inappropriate sexual remarks. The Sixth Circuit has held that employing a camera to document the lawful strip search of an inmate does not violate either the Fourth or Eighth Amendments. *See Hubbert v. Myers*, No. 92-1232, 1993 WL 326707 at *1 (6th Cir. Aug. 26, 1993) (affirming summary judgment against a plaintiff who alleged that the defendants conducted a strip search which was videotaped by a female employee). *See also McGibbon v. Stephenson*, No. 22-12167, 2023 WL 8543146, at *3 (E.D. Mich. Dec. 11, 2023) ("The law is clear that the mere act of videorecording a strip search does not violate an inmate's constitutional rights."); *Sanchez v. Bauer*, No. 14-CV-02804-MSK-KLM, 2015 WL 5026195, at *6 (D. Colo. Aug. 26, 2015) (finding allegation that the plaintiff was "video recorded" while he was strip searched failed to state a Fourth Amendment claim); *Smith v. City of N.Y.*, No. 14 Civ. 5934(JCF), 2015 WL 3929621, at *2

(S.D.N.Y. June 17, 2015) (recognizing that "neither the presence of cameras nor the presence of other inmates and employees of a correctional facility makes an otherwise constitutional strip search unconstitutional"); *Peek v. City of N.Y.*, No. 13-cv-4488 (AJN), 2014 WL 4160229, at *2 (S.D.N.Y. Aug. 18, 2014) (dismissing a Fourth Amendment claim based on a strip search in front of a camera because "[w]ithout more ... the presence of a camera at a strip search does not amount to a constitutional violation"); *Cf. Cornwell v. Dahlberg*, 963 F.2d 912, 917 (6th Cir. 1992) (holding that prisoners subjected to an outdoor strip search in front of a number of female officers created the question of a constitutional violation).

Plaintiff's only other complaint is that Defendant mimicked the position that Plaintiff had been in during the search as he escorted him back to his cell. As noted above, brief instances of harassment, without more, do not rise to the level of an Eighth Amendment violation.

C.   **Fourth Amendment claim**

To the extent that Plaintiff seeks to assert a claim under the Fourth Amendment, such a claim lacks merit. The Fourth Amendment protects against unreasonable searches and seizures of one's person. U.S. Const. amend. IV. Courts recognize that inmates retain a limited expectation of bodily privacy under the Fourth Amendment. *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 572 n.2 (6th Cir. 2013). However, both the United States Supreme Court and the Sixth Circuit have recognized that, under the Fourth Amendment, prisoners and detainees may be subjected to searches of their person, including strip searches and body-cavity searches, without individualized suspicion. *See Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 333–34 (2012) (rejecting the argument that correctional officials need reasonable suspicion to conduct visual body-cavity searches upon inmates at the time they are admitted to the general jail population); *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 575 (6th Cir. 2013) (noting that "suspicionless strip searches [are] permissible as a matter of constitutional law"); *see also Salem v. Mich. Dep't of Corr.*, 643

F. App'x 526, 529 (6th Cir. 2016). In determining the reasonableness of a search, "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Stoudemire*, 705 F.3d at 572 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).

Here, Plaintiff provides no facts about the specific nature of the strip search other than to say that it should not have been done while Defendant's body cam was running. As noted by the Court in discussing Plaintiff's Eighth Amendment claim, the mere act of video recording a strip search does not violate either the Fourth or the Eighth Amendment. *Hubbert*, 1993 WL 326707 at *1; *McGibbon*, 2023 WL 8543146, at *3; *Sanchez*, 2015 WL 5026195, at *6; *Smith*, 2015 WL 3929621, at *2; *Peek*, 2014 WL 4160229, at *2. Therefore, Plaintiff fails to state a Fourth Amendment claim regarding the search.

### D. Violation of MDOC Policy

Plaintiff contends that Defendant, by allowing the camera to run during the strip search, violated MDOC policy. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertion that Defendant violated MDOC policy fails to state a claim under § 1983.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v.*

*Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reason the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

    A judgment consistent with this opinion will be entered.


Dated:   June 6, 2025                                        /s/ *Maarten Vermaat*
                                                                  Maarten Vermaat
                                                                  United States Magistrate Judge